691 F.2d 182
 113 L.R.R.M. (BNA) 3224
 Johanna MAURICE, Business Editor The Charleston Daily Mail,
Plaintiff-Appellee,
v.
NATIONAL LABOR RELATIONS BOARD, Defendant-Appellant.
 No. 81-1615.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 9, 1981.
Decided July 19, 1982.
 
 Robert I. Tendrich, N. L. R. B., Washington, D. C. (William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, Aileen Armstrong, Asst. Gen. Counsel for Special Litigation, Washington, D. C., on brief), for appellant.
 James M. Ringer, New York City (Margaret Blair Soyster, Rogers & Wells, New York City, on brief), for appellee.
 Richard W. Winfield, Rex W. Mixon, Jr., Rogers & Wells, New York City, on brief, for The Associated Press amicus curiae.
 Rudolph L. Di Trapano, Rebecca A. Baitty, Di Trapano, Jackson & Buffa, Charleston, W. Va., on brief, for Daily Gazette Co. amicus curiae.
 James C. Goodale, Edwin P. Rutan, II, Debevoise & Plimpton, Katherine P. Darrow, Gen. Counsel, John P. Stanton, Labor Counsel, New York City, on brief, for the New York Times Co. amicus curiae.
 Ben Ginsburg, Georgetown University Law Center, Washington, D. C., Kathy Shwiff, University of Texas Law School, Austin, Tex., Jack C. Landau, Judy D. Lynch, Washington, D. C., on brief, for The Reporters Committee for Freedom of the Press amicus curiae.
 Before BUTZNER and WIDENER, Circuit Judges, and FIELD, Senior Circuit Judge.
 WIDENER, Circuit Judge:
 
 
 1
 On August 12, 1980, Johanna Maurice, business editor of the Charleston Daily Mail, published an article on the closing of a Valley Camp Coal Company mine in West Virginia. Miss Maurice interviewed the president of the company, Donald Howe, quoting his statements on the reasons for closing the mine in an article she wrote for her newspaper.
 
 
 2
 The National Labor Relations Board (NLRB) began an investigation of the mine closing in October 1980. The NLRB issued a subpoena requiring Miss Maurice to testify at a hearing before an administrative law judge in June 1981. Counsel for the NLRB subpoenaed Miss Maurice as a witness to impeach the credibility of Howe with respect to information contained in the news article as to why the mine was closed.
 
 
 3
 Before the date of the hearing at which Miss Maurice was to testify, she obtained a temporary restraining order from the district court preventing the NLRB from enforcing the subpoena. The district court entered a preliminary injunction to the same effect on July 13, 1981 after a hearing. The court based the injunction in part on the NLRB's failure to weigh the first amendment interests of Miss Maurice against its need for her testimony. The Board appeals from the grant of the temporary injunction.
 
 
 4
 Under 29 C.F.R. § 102.31(b), a person who is subpoenaed by the Board to appear at a hearing may, within five days of its service, petition the Board, or the administrative law judge conducting a hearing, to revoke the subpoena. The Board or the administrative law judge determines whether the subpoena should be revoked because the evidence it seeks is not related to an investigation of the Board, it lacks particularity, or it is invalid for "any other reason sufficient in law." If an administrative law judge denies the petition to revoke, the decision may be appealed to the Board under 29 C.F.R. § 102.26. Miss Maurice failed to invoke the procedure provided by the NLRB regulations to challenge a subpoena, but instead sought relief immediately in the district court.
 
 
 5
 The district court erred in granting the temporary injunction. Under a long-established legal principle, a party must exhaust administrative remedies before seeking judicial relief. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, esp. pp. 50-51, 58 S.Ct. 459, 463-64, 82 L.Ed. 638 (1938). Appellee has not shown that she would be irreparably injured by the requirement to exhaust available administrative remedies before seeking judicial relief. She can make any defense to the subpoena in the provided for administrative proceeding that she could make in the district court. The NLRB cannot even enforce its subpoena without recourse to court. Myers, p. 49, 58 S.Ct. p. 462-63. Because we find that appellee did not exhaust her administrative remedies, we express no opinion on the other matters mentioned in the briefs.
 
 
 6
 The injunctive order appealed from is vacated and the case is reversed with instructions to dismiss the case. Myers, p. 53, 58 S.Ct. p. 465.
 
 
 7
 VACATED AND REMANDED WITH INSTRUCTIONS.
 
 BUTZNER, Circuit Judge, dissenting:
 
 8
 The difficulty with requiring Johanna Maurice, Business Editor of the Charleston Daily Mail, to exhaust her administrative remedies is the lack of any effective administrative remedy that can address the objections that she has raised to the subpoena. Title 29 U.S.C. § 161(1) authorizes the Board, upon petition, to revoke a subpoena "if in its opinion the evidence whose production is required does not relate to any matter under investigation, or any matter in question in such proceedings, or if in its opinion such subpoena does not describe with sufficient particularity the evidence whose production is required." These limited statutory inquiries of the administrative process do not provide Maurice an opportunity to question the subpoena on the grounds that it violates the Attorney General's guidelines for the issuance of a subpoena to a newspaper reporter which are set forth in 28 C.F.R. § 50.10 (1981) and the first amendment.
 
 
 9
 The Board's regulation, 29 C.F.R. § 102.31(b) (1981), implementing its power to revoke subpoenas, is not broader than the grant of that power in § 161(1). The regulation must be read in the context of the statute, and it cannot be enlarged to confer jurisdiction on the Board to decide whether it is subject to the Attorney General's guidelines and whether it can adjudicate constitutional questions.
 
 
 10
 I agree with the district court's conclusion that the Board's administrative remedy is "neither available nor adequate." Under these circumstances, exhaustion would be futile, and it is not required. NLRB v. Marine Workers, 391 U.S. 418, 426 n.8, 88 S.Ct. 1717, 1723 n.8, 20 L.Ed.2d 706 (1968); Marsh v. County School Board, 305 F.2d 94, 98 (4th Cir. 1962). I would affirm the district court's ruling that Maurice was not required to exhaust the Board's administrative remedies for reasons fully set forth in its opinion, Maurice v. NLRB, 108 L.R.R.M. (BNA) 2883 (1981).
 
 
 11
 Also for reasons explained in the district court's opinion, I believe the Board was obliged to comply with the policy and procedures set forth by the Attorney General in 28 C.F.R. § 50.10 (1981). The district court's finding that the Board gave no consideration to the Attorney General's policy, see 108 L.R.R.M. at 2885, is amply supported by the record. Consequently, I would affirm the judgment of the district court without further considering the constitutional issues on which the district court also based its opinion.